whether the contract could be terminated at will by either party or whether the effect of certain resolutions of defendant's board of directors was to continue plaintiff's employment for the "current year," and if so the meaning of that term.

*Bruce R. Duncan* for appellant.

*John Hill Morgan* and *George A. Spiegelberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ. Dissenting: CRANE, J.

---

MICHAEL MARINO, Respondent, *v.* WILLIAM J. FARRELL, Appellant.

*Negligence — dumbwaiter — action to recover for injury received through fall of dumbwaiter — when one who assists janitress in ·return for lodging to the knowledge of agent of owner may recover against owner for injuries received through his neglect.*

*Marino* v. *Farrell*, 201 App. Div. 367, affirmed.

(Argued January 11, 1923; decided January 30, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1922, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial in an action to recover for personal injuries alleged to have been sustained by plaintiff by reason of the negligent and careless manner in which defendant maintained a dumbwaiter in his apartment house whereby the rope thereof was caused to break, thus letting the dumbwaiter fall upon plaintiff, while he was in the basement of the house, using the dumbwaiter in taking down garbage and ashes from the apartments above. The theory of the complaint is that at the time of the occurrence which resulted in plaintiff's injuries, he was using the dumbwaiter as an invitee of defendant, it being shown that he slept on the premises by permission of the janitress and in return assisted her with her work and that this fact was known

to the agent of the defendant who had made no objection thereto.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant.

*Frank Walling* and *Carmine A. Panaro* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.   Not voting: HISCOCK, Ch. J.

---

FREDERICK W. VANDERBILT et al., as Executors of ALFRED G. VANDERBILT, Deceased, Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Respondent.

*Insurance — contract of accident insurance — exception where death results from " war "— where testator was drowned as result of torpedoing of vessel on which he was a passenger during state of war no recovery may be had on policy.*

*Vanderbilt* v. *Travelers Ins. Co.,* 202 App. Div. 738, affirmed.

(Argued January 11, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 9, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury.   The action was to recover upon a policy of accident insurance issued to plaintiffs' testator.   It contained a clause providing that the insurance would not cover injury or death resulting " directly or indirectly, wholly or partly from * * * war."   The testator while a passenger on the British steamship *Lusitania* bound from New York to Liverpool lost his life as the result of the torpedoing and sinking of said vessel by a German submarine, a state of war existing at the time between the British and German governments.

*Roy C. Gasser* and *William H. Hayes* for appellants. *William J. Moran* for respondent.

Judgment affirmed, with costs; no opinion.